HARRY  WOMERSLEY,  PLAINTIFF-RESPONDENT,  v.
EUGENE NICOSIA, DEFENDANT-APPELLANT.

Argued February 4, 1947—Decided April 24, 1947.

For the plaintiff-respondent, *Julius E. Kramer* and *Raymond G. Becker*.

For the defendant-appellant, *Dominick F. Pachella* and *R. Sery Nicosia*.

The opinion of the court was delivered by

CASE, CHIEF JUSTICE.   The appeal is from a judgment in the Supreme Court which affirmed a judgment of the Dis-

trict Court of the Third Judicial District of the County of Bergen. Plaintiff, a real estate broker, sued for commissions, basing his claim upon the following paragraph in the agreement of sale between the defendant and a proposed purchaser: "the owner or owners of said premises to be sold or exchanged agree (s) to convey said premises to the Purchaser, recognize (s) the below-named agent as the agent negotiating this agreement and agree (s) to pay said agent for services rendered, a commission as now established by the real estate board in whose territory the above property is situated, namely, Five (5) per cent of Purchase Price same to be due and payable on execution and delivery of this agreement of sale."

The paper was dated March 30th, 1944, fixed the closing date as on or before June 1st, 1944, and was signed by the purchaser and Nicosia. Before delivery the purchaser demanded that the wife of the defendant execute the agreement so that there would be no question as to her liability to execute a deed upon the closing of title or be subject to a decree for specific performance. The instrument was, therefore, left in escrow with defendant's attorney for the purpose of obtaining the signature of Nicosia's wife. Mrs. Nicosia refused to sign. In accordance with the terms of the escrow the instrument was not delivered. The purchaser withdrew from the transaction.

Nicosia was the owner. He signed the contract and was willing that there should be a delivery. He did not agree that his wife would sign and was guilty of no breach in that she did not. Had the contract been delivered, he would have been bound by it, but under the circumstances neither he nor the buyer was bound. Nicosia's undertaking with the agent was to pay the commission on execution and delivery of the agreement of sale. But, owing to the withdrawal of the buyer, there was no delivery.

Nicosia was guilty of no default. He did not refuse to sign or to deliver the contract, and he did not refuse to convey. The purchaser's refusal to proceed is understandable; but it was he who refused, not Nicosia. Nicosia could lawfully make a contract without his wife's signature, and the

contract would have been binding upon him. The refusal of the wife to sign the contract of sale and the refusal of the purchaser to accept the contract without her signature are ·not to be confused with the refusal or inability of the vendor to deliver good title. The time to deliver title had not yet come. The agent, whose claim depends entirely upon that instrument, has no right of action against Nicosia.

The judgment below is reversed.

*For affirmance*—WACHENFELD, EASTWOOD, DILL, JJ.   3.

*For reversal*—THE CHIEF JUSTICE, BODINE, HEHER, COLIE, WELLS, RAFFERTY, FREUND, McGEEHAN, McLEAN, JJ.   9.